**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUNE M. WILSON,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:10-cv-1027-Orl-28DAB**

**BEACHSIDE INVESTMENT OF**
**BREVARD, INC., JERRY ROBERTS,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S AGREED MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS CASE WITH PREJUDICE (Doc. No. 39)**
>
> **FILED:** May 10, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the

FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's responses to the Court's Interrogatories (Doc. No. 23), Plaintiff was employed by Defendant as a server/bartender and a bar manager from November 2009 to June 2010. Plaintiff sought $12,676 for "approximately 16 to 53 overtime hours per week," plus liquidated damages. Doc. No. 23. Based on Plaintiff's statement in the Agreed Motion to Approve Settlement Agreement, and her responses to the Court Interrogatories the settlement to Plaintiff of $12,676 represents the full amount of unpaid overtime wages Plaintiff sought. Doc. No. 39 at 2-3; Doc. 39-1.

The parties have agreed that Defendant will pay Plaintiff's attorneys $5,500 in attorney's fees and costs. Doc. No. 39-1. Because the Plaintiff has received the full amount sought for wages and there was no compromise of the claim, the Court does not review the amount attorney's fees and costs.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Agreed Motion to Approve Settlement Agreement (Doc. 39) be **GRANTED** in part. To the extent Plaintiff seeks to have this Court retain jurisdiction to enforce the terms of the agreement, it is respectfully **RECOMMENDED** that portion of the Motion be **DENIED**. It is further respectfully **RECOMMENDED** that the Clerk be **DIRECTED** to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 13, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy